UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHIQUITA C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-1518-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erred by discounting her testimony and two medical opinions. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 40 years old, has a high school education and has no past relevant work. Tr. 39-40. She applied for benefits on April 25, 2016, alleging disability as of March 8, 2012. Tr. 30. After conducting a hearing in April 2018, the ALJ issued a decision in August 2018, finding Plaintiff not disabled. Tr. 47-87, 30-41. Using the five-step disability evaluation process outlined in 20 C.F.R. § 416.920, the ALJ found Plaintiff had severe impairments of degenerative joint disease of bilateral feet, diabetes, obesity, depression, anxiety disorder, post-traumatic stress

disorder, and bipolar affective disorder. Tr. 32. The ALJ found Plaintiff could perform simple routine tasks and light work, standing or walking six hours and sitting six hours per day, with additional postural, manipulative, and environmental limitations. Tr. 35-36.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A. The ALJ Did Not Err by Discounting the Opinions of Margaret Adams, ARNP**

During a July 2017 appointment to establish care, Ms. Adams filled out a Physical Functional Evaluation form. Tr. 687-88, 669-73. Ms. Adams opined Plaintiff's bilateral clubfoot moderately limited her sitting and markedly limited her standing and walking, and opined Plaintiff could not perform even sedentary work. Tr. 670-71. An ALJ may reject the opinion of an other- medical source, such as a nurse practitioner in this case, by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ gave Ms. Adams' opinions "little weight" as inconsistent with Plaintiff's activities and a prior provider's advice, and for lack of supporting explanation. Tr. 38.

According to a February 2018 treatment note, Plaintiff took a truck to pick up enough furniture to "partially furnish her new place" and "was by herself so she had to haul everything." Tr. 733-34. Carrying furniture contradicted Ms. Adams' opinions of marked standing and walking limitations and inability to perform even sedentary work. Plaintiff argues, because the treatment note also states she "was hurting really bad" after hauling furniture, this activity does not contradict Ms. Adams' opinions. Tr. 734; Dkt. 8 at 6. However, Plaintiff's ability to perform activity far more demanding than sedentary work, even though it caused pain in

succeeding days, undermines the opinion she is limited to less than sedentary work on an ongoing basis.

Conflict with Plaintiff's activities was a germane reason to discount Ms. Adams' opinions. The Court need not address the ALJ's remaining reasons because, even if erroneous, inclusion of erroneous reasons was harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

**B.      The ALJ Did Not Err by Discounting the Opinions of M. E. Mitchell, Psy.D.**

In September 2017 Dr. Mitchell examined Plaintiff and filled out a Psychological/ Psychiatric Evaluation form. Tr. 674-78. Dr. Mitchell diagnosed recurrent unspecified major depressive disorder, generalized anxiety disorder, and chronic severe PTSD. Tr. 676. Dr. Mitchell opined Plaintiff was severely limited, *i.e.*, unable to perform, maintaining punctual attendance, maintaining appropriate behavior, completing a normal workday and workweek, and setting goals and planning independently. Tr. 676-77. Dr. Mitchell also opined marked limitations in performing detailed tasks, adapting to changes in routine, and communicating and performing effectively. Tr. 676. All other work-related abilities were moderately limited. *Id.* An ALJ may reject an examining doctor's contradicted opinion by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ gave Dr. Mitchell's opinions "little weight" as inconsistent with the medical record and Plaintiff's testimony and activities. Tr. 38.

The ALJ reasonably found Plaintiff's activities contradicted Dr. Mitchell's opinions of extreme limitation in most work-related activities. For example, Plaintiff's ability to move from Florida to Seattle in June 2017 contradicted the opined inability to set goals and plan independently and the opined marked limitation in adapting to changes. Tr. 63, 54. Plaintiff's

testimony she is a "people person" and "like[s] to interact with people" undermined the opined marked limitation in communicating effectively and the opined inability to maintain appropriate behavior. Tr. 82. Plaintiff argues she is bad with people some days. Dkt. 10 at 6 (citing Tr. 74). But there is no evidence this happens frequently, and Plaintiff testified she would rather work with people than work with no public contact. Tr. 82. The ALJ's interpretation was reasonable and the Court accordingly declines to disturb it. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Conflict with Plaintiff's activities was a specific and legitimate reason to discount Dr. Mitchell's opinions. *See Ghanim*, 763 F.3d at 1162. The Court thus need not address the ALJ's other reasons because inclusion of any erroneous reasons is harmless.

**C.  Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. Plaintiff testified she could not engage in "prolonged sitting," but also testified she could sit for two to three hours at a time, consistent with the RFC. Tr. 62-63, 67; Tr. 35. The ALJ's acceptance of Plaintiff's testimony is not unreasonable.

Plaintiff testified she could not walk six hours on a daily basis; if she walked six hours one day, it would take two days before she could walk again. Tr. 66. There is no dispute Plaintiff has congenital bilateral clubfoot, right more severe than left. In the July 2017 appointment to establish care with Ms. Adams, Plaintiff reported the pain from her clubfoot, "focused in right ankle, below knee," had worsened as she had gotten older. Tr. 688. The ALJ discounted Plaintiff's testimony of standing and walking limitations because she did not seek regular treatment for worsening pain caused by her clubfoot, which she described to Ms. Adams in July 2017 as her "main concern." Tr. 688. Plaintiff contends the ALJ erred by failing to

account for the fact she had been living with clubfoot her whole life, and asserts without citation to the record or other authority that there was "not much more a specialist could do." Dkt. 8 at 11. But Plaintiff complained of worsening pain with age, and the ALJ reasonably inferred Plaintiff would have sought treatment for her pain if it had been truly debilitating. Plaintiff also argues the ALJ failed to account for the fact Plaintiff had just moved to Seattle, and there was "no reason to submit any evidence prior to" the application date. Dkt. 8 at 12. That does not, however, explain the lack of treatment for over a year from the April 2016 application date until the June 2017 move to Seattle. Lack of treatment was a clear and convincing reason to discount Plaintiff's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that "an unexplained, or inadequately explained, failure to seek treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony). The ALJ also discounted Plaintiff's standing and walking testimony based on normal gait and no swelling until July 2017. Tr. 37. This objective medical evidence, though insufficient standing alone, further supports the ALJ's determination. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ did not err by discounting Plaintiff's testimony on standing and walking limitations.

Plaintiff testified anxiety and depression cause good days and bad days. Tr. 73. On bad days she is "real bad with people." Tr. 74. Plaintiff did not testify what work-related impairments this might cause, or how often. Plaintiff testified she sometimes sleeps poorly, which results in poor concentration the next day. Tr. 73-74. Any error in discounting Plaintiff's mental impairment testimony is harmless. Plaintiff, in her briefing, "alleg[es] that her pain,

depression/bipolar disorder, anxiety, and PTSD prevent her from maintaining sufficient concentration, persistence, and pace to perform full-time work." Dkt. 8 at 13. But her testimony does not support this allegation. Plaintiff testified that getting a poor night's sleep "[d]efinitely" affects her ability to concentrate, but did not testify to what degree her concentration is affected or that it happens with any frequency. Tr. 74. The ALJ accommodated concentration and focus deficits by restricting Plaintiff to "simple routine tasks, in a routine work environment with simple work related decisions." Tr. 36. Plaintiff has not shown that her testimony, even if accepted, required any greater restrictions. The ALJ did not harmfully err in addressing Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge